**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>David M. Macomber<br>& Susan M. Macomber,<br><br>　　　　　Debtors | Chapter 13<br>Case No. 12-10720 |

## ORDER DISMISSING CHAPTER 13 CASE WITH PREJUDICE

The debtors have moved to voluntarily dismiss this case under 11 U.S.C. § 1307(b). [Dkt. No. 79.] That motion was granted on fourteen days' negative notice pursuant to D. Me. LBR 9013-1(d)(1). [Dkt. No. 81.] Within that fourteen-day period, the chapter 13 trustee objected [Dkt. No. 82], prompting the debtors to set their motion for a hearing in the ordinary course [Dkt. No. 86]. The trustee has urged the Court to dismiss with prejudice either by imposing a two-year ban on refiling or by imposing a 180-day ban on refiling and declaring any debts that were dischargeable in this case non-dischargeable in any future case under Title 11 commenced by the debtors (or either of them). [Dkt. No. 88.]

The debtors have been protected by the automatic stay since their case began in June 2012. In the intervening years, creditors have been stayed from attempting to collect on the debtors' obligations. Recovery against the debtors for prepetition debts has been limited to that available through the chapter 13 process.

The debtors' plan was confirmed and was later modified. [Dkt Nos. 46 & 54.] That modified chapter 13 plan is binding on the debtors. *See* 11 U.S.C. § 1327(a). In pertinent part, the modified plan provides that:

> Debtors have a 1/6th interest in a family property in Castine that is currently being probated. The family intends to sell the property in the near future as soon as a reasonable buyer comes along. The Debtors will provide the net portion of their proceeds for the benefit of the estate.

[Dkt. No. 54 ¶ III(B).] The trustee has alleged, and the debtors have not disputed, that the debtors received $50,000 as their share of the net sale proceeds years ago, and that those proceeds were more than double the size of the $24,300 base plan in this case (excluding tax refunds and sale proceeds). *See* [Dkt. No. 82]. The parties agree that the debtors' share of the sale proceeds was not turned over to the chapter 13 trustee for administration in accordance with the plan. The record does not establish what happened to those funds.[1]

The Court doubts that the debtors would have forgotten about the obligation to pay their share of the sale proceeds into their chapter 13 plan. Instead, the Court infers that the debtors deliberately failed to comply with the confirmed plan, and finds that this failure caused material harm to the creditors holding allowed claims in this case. These circumstances constitute cause to dismiss this case with prejudice under section 349(a).

Accordingly, the Court rules that any debt that would have been discharged in this case if the debtors had received a chapter 13 discharge will be non-dischargeable in any subsequent case filed by the debtors (or either of them). According to the debtors, a ruling of this nature is "unduly harsh" and "draconian." [Dkt. No. 88.] But, the sale proceeds that should have been paid into the debtors' confirmed plan have been dissipated. As a result, creditors will not receive

---

[1] The debtors did not seek an evidentiary hearing on their motion. At a hearing, the Court asked whether the debtors or the trustee wanted the opportunity to introduce evidence in support of, or in opposition to, the motion. No one requested that opportunity.

- 2 -

the dividend that they anticipated in this case.  Dismissing the case, at the debtors' request, will not remedy this harm.  Having come this far in this chapter 13 case and having received a sizeable sum that should have been paid into the plan, the debtors should not be allowed to simply walk away with a relatively brief ban on the filing of another case under Title 11.  As the trustee said, the debtors have effectively "thumbed their noses" at the bankruptcy process.  *See* [Dkt. No. 88].  In these circumstances, something more than a dismissal with a prohibition on refiling is warranted.

This case is dismissed as of March 27, 2018.  The debtors are barred from filing a petition under Title 11 for a period beginning on March 27, 2018 and continuing until September 27, 2018.  This prohibition applies to any voluntary petition filed by the debtors jointly or separately, and applies to any case in any judicial district.  Further, any debt that would have been discharged if the debtors had been granted a discharge under 11 U.S.C. § 1328 is hereby declared to be non-dischargeable in any Title 11 case filed by or against the debtors (or either of them).  This disposition of the debtors' request for dismissal is premised upon 11 U.S.C. 1307(b) and 11 U.S.C. § 349(a).

Dated: March 27, 2018

Michael A. Fagone
United States Bankruptcy Judge
District of Maine